IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID ANDREW SCHMIDT | § | |
| VS. | § | CIVIL ACTION NO. 1:14cv561 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER REGARDING TRANSFER

Petitioner David Andrew Schmidt, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Discussion

On March 29, 2011, in the 251st Criminal District Court for Randall County, Texas, petitioner was convicted of theft and sentenced to a term of ten (10) years' imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division. Petitioner brings this petition contesting his conviction and sentence.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner is currently confined at the Stiles Unit in Beaumont, Texas which is located in the Eastern District of Texas. However, petitioner was convicted and sentenced in Randall County, Texas. Pursuant to 28 U.S.C § 124, Randall County is in the Amarillo Division of the Northern District of Texas.

While jurisdiction is proper in the Eastern District of Texas because the prisoner is confined within the district court's territorial boundaries, the court has considered the circumstances and has determined that the interest of justice would best be served if this petition were transferred to the division in which the petitioner was convicted.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since petitioner complains of a conviction which occurred in the Amarillo Division of the Northern District of Texas and all records and witnesses involving this action may be located in the Northern District, the transfer of this action to such division would further justice. Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Northern District of Texas, Amarillo Division. Accordingly, it is

**ORDERED** that the Clerk of Court will **TRANSFER** this action to the Clerk of Court for the United States District Court for the Northern District of Texas, Amarillo Division.

SIGNED this 17th day of February, 2015.

_____
Zack Hawthorn
United States Magistrate Judge